IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00336-BNB

DENNY BENTON, Police Officer (Unemployed Police Officer Due to Defendants Intentional Actions),

    Plaintiff,

v.

TOWN OF SOUTH FORK AND POLICE DEPARTMENT, Individually,
FORMER POLICE CHIEF HERRERA, RANDY
CURRENT POLICE CHIEF JAMES CHAVEZ, at Times Acting Town Manager and
    Clerk,
FAIRCHILD, SHARON,
FORMER TOWN MANAGER WRIGHT, TODD,
FORMER MAYOR HEERSINK, LARRY,
TOWN MANAGER MATHEWS, BILL,
TRUSTEE HAWETHORNE, GROVE,
COLORADO STATE PATROL DISPATCH ALAMOSA, COLORADO AND
POLICE OFFICER STEWART, PAM,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Denny Benton, initiated this action on February 8, 2012, by filing *pro se* a Title VII Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Title VII Complaint liberally because Mr. Benton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Benton will be ordered to file an amended complaint.

The Court has reviewed the Title VII Complaint and has determined that the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Benton fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Mr. Benton has checked blanks on the preprinted Title VII Complaint form indicating that Defendants discriminated against him based on his race and age by failing to promote him and discharging him from employment.  Mr. Benton further alleges that Defendants have violated his Fourteenth Amendment due process rights by retaliating against him because he was named as a defendant in a federal civil

rights suit.  In support of his claims, Mr. Benton attaches a single-spaced, double-columned document that makes numerous allegations against the individual defendants, and purports to assert several pendent state law claims.  He also attaches a demand letter that he submitted to the Town of South Fork, Colorado, and a copy of the Division of Civil Rights' notice-of-right-to-sue letter.  However, Mr. Benton fails to allege facts in the Complaint to support his vague and conclusory allegations that indicate he is entitled to relief under Title VII.

Mr. Benton apparently expects the Court and the defendants to speculate about the factual basis for his Title VII claims.  That is neither a judicial function nor the responsibility of the defendants.  Mr. Benton's must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Benton must allege, simply and concisely, his specific claims for relief.  He may attach documents to the amended Title VII complaint, but he may not rely solely on those documents to present his claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court, therefore, will direct Mr. Benton to file an amended complaint on a Title VII Court-approved form that sets forth his claims in a simple and concise manner.  Mr. Benton is instructed to complete the form in full.  Accordingly, it is

ORDERED that Mr. Benton file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R.

3

Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Benton shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Benton fails to file an amended Title VII Complaint **within thirty (30) days from the date of this order**, the Title VII Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED February 21, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge