IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00336–CMA–KMT

DENNY BENTON,

    Plaintiff,

v.

TOWN OF SOUTH FORK AND POLICE DEPARTMENT,
FORMER POLICE CHIEF RANDY HERRERA,
CURRENT POLICE CHIEF JAMES CHAVEZ,
AT TIMES ACTING TOWN MANAGER AND CLERK SHARON FAIRCHILD,
FORMER TOWN MANAGER TODD WRIGHT,
FORMER MAYOR LARRY HEERSINK,
TOWN MANAGER BILL MATTHEWS,
TRUSTEE GROVER HAWETHORNE,
COLORADO STATE PATROL DISPATCH ALAMOSA, COLORADO, and
POLICE OFFICER PAM STEWART,

    Defendants.

---

**ORDER**

---

This matter is before the court on Defendants Town of South Fork, Town of South Fork Police Department, James Chavez, Sharon Fairchild, Todd Wright, Larry Heersink and Grover Hawethorne's[1] "Motion to Stay" (Doc. No. 17, filed June 27, 2012 ["Town Defendants' Motion to Stay"]), and Defendants Colorado State Patrol Dispatch and Pam Stewart's "Motion to Stay

---

[1] The court notes the apparent misspelling of Defendant "Hawethorne's" name. The court will hereinafter refer to this defendant by the correct spelling of his name, Defendant Hathorn.

All Proceedings and Vacate Scheduling Conference Pending Jurisdictional and Immunity Determinations" (Doc. No. 38, filed August 10, 2012 ["State Defendants' Motion to Stay"]). Pursuant to D.C.COLO.LCivR 7.1C and Federal Rule of Civil Procedure 6(d), Plaintiff had until July 21, 2012 to respond to the Town Defendants' Motion to Stay. Additionally, on August 14, 2012, the court directed Plaintiff to file a response, if any, to the State Defendants' Motion to Stay by August 28, 2012. (*See* Doc. No. 42.) Plaintiff did not file a response on, or at any time after, these dates. Consequently, this matter is ripe for the court's review and ruling.

To begin, the court notes that the Plaintiff's Title VII Complaint (Doc. No. 9, filed April 27, 2012 ["Complaint"]) is far from a model of clarity.[2] Plaintiff alleges a number of claims against Defendants utilizing a scattershot approach. Although Plaintiff does not specifically differentiate between individual and official capacity claims, the court liberally construes the claims as being filed against Defendants in both their official and individual capacities. *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("where the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability"). Plaintiff appears to assert Title VII race discrimination, retaliation and hostile work environment claims, as well as age discrimination, retaliation and hostile work environment claims under the ADEA. (*See* Complaint at 3.) Beyond that, he claims violations of his Fourteenth Amendment

---

[2]Because Plaintiff is proceeding *pro se,* the court "review[s] his pleadings and other papers liberally and hold [s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

rights, cognizable under 42 U.S.C. § 1983.  (*See id*. at 6, 28-29.)  Plaintiff also appears to assert state law claims for defamation and breach of contract.  (*See id*. at 6.)  Finally, Plaintiff asserts an ambiguous claim that some defendants "won't release freedom of information and release of records request. . ."  (*See id*. at 3.)

In their Motions, Defendants seek to stay discovery in this action until ruling on their "Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1)(sic) & (6)" (Doc. No. 17, filed June 27, 2012 ["Town Defendants' Motion to Dismiss"]) and "Motion to Dismiss of Defendants Colorado State Patrol and Pam Stewart" (Doc. No. 31, filed July 20, 2012 ["State Defendants' Motion to Dismiss"]).  In support of their proposed stay, Defendants argue that a stay is appropriate in this case because they assert various forms of immunity in their motions to dismiss that protect them not only from liability, but also from suit, including the burdens of discovery.  Defendant Bill Matthews has only filed a Motion to Quash Service of Process (Doc. No. 19, filed June 27, 2012) and does not join in any Motion to Stay.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). When considering a stay of discovery, this court considers: (1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the

public interest.  *See String Cheese Incident*, 2006 WL 894955, at *2.

**I.**     *Claims of Immunity*

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

    *A.*     *Eleventh Amendment Immunity*

Defendant Colorado State Patrol Dispatch has asserted that is entitled to Eleventh Amendment immunity with regards to any federal law claims.[3]  (*See* State Defendants' Motion to

---

[3]The court notes that the Colorado State Patrol Dispatch is, in fact, not an entity; the correct entity is the Department of Public Safety's Colorado State Patrol.  (*See* State Defendants' Motion to Dismiss at 6.)

Dismiss at 6.)  Defendant Pam Stewart, a Regional Dispatch Manager with the Colorado State Patrol, likewise maintains that she is covered by this same protection.  (*Id*.)

The Eleventh Amendment bars actions for damages against a state in federal court. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985).  "Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit." *University of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) (citation omitted).  Eleventh Amendment state sovereign immunity applies to the state itself and state entities, as well as "to state officials sued in their official capacities for retrospective monetary relief." *Steadfast Ins. Co. v. Agric. Ins. Co.,* 507 F.3d 1250, 1253 (10th Cir. 2007). Consequently, courts in this district have routinely held that a well-supported claim of Eleventh Amendment immunity warrants a temporary stay of discovery until this threshold issue can be resolved.  *See*, *e.g.*, *Havens v. Johnson,* 09-cv-1380-MSK-MEH, 2012 WL 95265, at *2 (D. Colo. Jan. 12, 2012); *Am. Tradition Inst. v. Colorado,* 11-cv-859-WJM-KLM, 2011 WL 3705108, at *2-3 (D. Colo. Aug. 23, 2011).  *See also Moore v. Busby,* 92 F. App'x 699, 702 (10th Cir. 1995) (affirming trial court's stay of discovery pending resolution of absolute immunity question).

Plaintiff does not assert any injunctive or declaratory claims against the State Defendants in his Complaint.  *See Ex Parte Young*, 209 U.S. 123 (1908) (allowing for official capacity claims seeking prospective injunctive relief against state officials).  Hence, the State Defendants' Motion to Dismiss asserts a well-supported Eleventh Amendment immunity entitlement that

could very well dispose of the entire case with respect to Defendant Colorado State Patrol and Defendant Pam Stewart in her official capacity.

### B.     *Qualified Immunity*

Defendants James Chavez, Sharon Fairchild, Todd Wright, Larry Heersink and Grover Hathorn, as well as Defendant Pam Stewart in her individual capacity, claim qualified immunity as to Plaintiff's individual capacity federal law claims. (*See* Town Defendants' Motion to Dismiss at 12; State Defendants' Motion to Dismiss at 6.) Accordingly, they maintain that such immunity affords them a stay of discovery.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal quotations omitted)). It is applicable only to claims against officials in their individual capacities, *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004), and protects all but the plainly incompetent and those who knowingly violated the law. *Weise v. Caspar*, 593 F.3d 1163, 1167 (10th Cir. 2010). Importantly, it is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Pearson*, 555 U.S. at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Therefore, "a well-supported claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery." *Romero*, 255 F.R.D. at 643.

Here, the qualified immunity asserted by the individual defendants would effectively dismiss the section 1983 claims against them in their entirety if the District Court rules favorably on their Motions to Dismiss. Moreover, Plaintiff has not asserted that further factual discovery is necessary to resolve what appears to be purely a matter of law as to whether these defendants should receive qualified immunity on any of the federal claims. *See Romero*, 225 F.R.D. at 644 (permitting limited discovery to explore facts necessary to resolve qualified immunity issues).

### C.     *Colorado Governmental Immunity Act*

The Town Defendants also assert that a stay of discovery is warranted as to Plaintiff's state law claim for defamation based on their assertion of sovereign immunity under the Colorado Governmental Immunity Act (CGIA). (*See* Town Defendants' Motion to Stay at 5.)

The CGIA provides that

> [a] public entity shall be immune from liability in all claims for injury *which lie in tort or could lie in tort* regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section.

COLO. REV. STAT. § 24-10-106(1) (emphasis added). In defining a "public employee" to include officers and employees of public entities, the CGIA's protections extend beyond simply the municipal entity itself. *See* COLO. REV. STAT. § 24-10-103(4). Procedurally, the CGIA provides for a stay in discovery if the issue of sovereign immunity is raised. *See* COLO. REV. STAT. § 24-10-108. The only discovery that may be allowed is that necessary to decide the issue of immunity on motion. *See id.* A finding by the District Court that the CGIA shelters the Town, its individual officials, and the state defendants would thus dismiss the defamation claim against them.

## II.     *Additional Grounds Raised for Dismissal*

Notwithstanding the above immunities, the Town Defendants do not have a well-founded claim of immunity on Plaintiff's Title VII or ADEA claims; however, whether they are proper defendants remains an issue. Claims of qualified immunity in Title VII and the ADEA cases are subject to special treatment. With these statutes, liability lies against the employer, so any suits against individuals, regardless of the alleged capacity, are functionally suits against the employer. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Individual capacity suits are an inappropriate way to proceed in Title VII and ADEA actions. *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) ("Under Title VII . . . individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose action would constitute a violation of the Act") *and Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) (holding that the ADA, like the ADEA, precludes individual suit). *See also Medina v. Ramsey Steel Co*., 238 F.3d 674, 686 (5th Cir. 2001) (affirming summary judgment for plaintiff's former supervisor on grounds that ADEA does not provide for individual liability). Therefore, because "the [qualified immunity] doctrine is applicable only to claims against officers in their individual capacities," *Romero*, 225 F.R.D. at 643, it has no relevance to the question of the propriety of a stay with respect to Plaintiff's Title VII or ADEA claims against the individual defendants.

Furthermore, there is no CGIA immunity on the breach of contract and "failure to release information" claims; however, again, whether a proper claim has even been pleaded is another

9

pending matter. First, the CGIA does not reach breach of contract claims. *See Berg v. State Bd. of Agriculture*, 919 P.2d 254, 258 (Colo.1996). *See also Carnation Building Services, Inc. v. City and County of Denver*, No. 11-CV-00703-CMA-MEH, 2011 WL 6840474 (D. Colo. Dec. 29, 2011). Second, the CGIA does not provide immunity with respect to Plaintiff's amorphous claim regarding failure to release information, simply because such a claim would, in all likelihood, be cognizable under the Colorado Open Records Act or Open Meetings Act, neither of which provide for private rights of action. *See* C.R.S. § 24-72-206 (Colorado Open Records Act) *and* CR.S. § 24-6-402 (Colorado Sunshine Law). *See also Shields v. Shelter*, 682 F.Supp. 117, 1175 (D. Colo. 1988) ("The exclusive remedy for a violation of the Colorado Open Records Act is C.R.S. § 24-72-206. That section does not provide for a private right of action.").

### III. *Discretionary Ability of the Court to Stay Discovery*

Considering the first and second *String Cheese* factors to determine whether a discretionary stay is warranted, any prejudice to Plaintiff's ability to proceed expeditiously with this case does not weigh heavily in the court's analysis because Plaintiff has not responded to oppose a stay of discovery. Moreover, the court finds that any possible prejudice to Plaintiff is outweighed by the burden on all defendants if discovery were to proceed in a piecemeal fashion. Although the precise allegations in the Complaint are vague, the conduct at issue appears to involve the same general behavior.

As to the third *String Cheese* factor, the court has a compelling interest in managing its docket by seeing the instant case proceed expeditiously, and with a minimum of time-consuming isolated issues needing resolution.

Lastly, Plaintiff does not assert that the public has any interest in allowing discovery to continue.  However, in accordance with the notion that allowing discovery to proceed against the Town will exact resources from the Town on account of its individual officials involving themselves in a discovery process they were to be exempt from, the public does, in fact, have the cognizable interest of seeing Town resources effectively conserved by temporarily staying discovery.

Weighing against a stay however, as outlined above, the Town of South Fork and its Police Department cannot claim either Eleventh Amendment or qualified immunity from Plaintiff's section 1983 claims.  Also, all claims against Defendants Bill Matthews are continuing unimpeded because he has not joined in any motion to stay.  Nonetheless, given the amorphous nature of the Complaint, this court finds that resolving the pending Motions to Dismiss, while perhaps not dispositive of the entire case, will clarify and streamline the claims and the proper defendants for more precise and productive discovery.

Accordingly, on balance, the court finds that a temporary stay of all discovery until resolution by the District Court of both the Town and State Defendants' Motions to Dismiss is warranted.

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendants Colorado State Patrol and Pam Stewart's "Motion to Stay All Proceedings and Vacate Scheduling Conference Pending Jurisdictional and Immunity Determinations" (Doc. No. 38) and Defendants Town of South Fork, Town of South Fork Police Department, James Chavez, Sharon Fairchild, Todd Wright, Larry Heersink and Grover Hathorn's "Motion to Stay" (Doc. No. 17) are **GRANTED**.  Discovery in this case is hereby **STAYED** pending resolution of the "Motion to Dismiss of Defendants Colorado State Patrol and Pam Stewart" (Doc. No. 31) and "Motion to Dismiss Pursuant to F.R.C.P. 12(B)(1)(sic) &(6)" (Doc. No. 17).

It is further **ORDERED** that Defendants shall file a status report no later than five days after the District Court's ruling on their Motions to Dismiss or on January 11, 2013, whichever first occurs.  This status report shall summarize the claims and defendants remaining in the case and address future scheduling needs.

It is further **ORDERED** that Defendants' request to vacate the September 18, 2012 scheduling conference is **DENIED** as moot.

Dated this 18th day of September, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge