IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-00336-CMA-KMT

DENNY BENTON,

    Plaintiff,

v.

TOWN OF SOUTH FORK AND POLICE DEPARTMENT,
FORMER POLICE CHIEF RANDY HERRERA,
CURRENT POLICE CHIEF JAMES CHAVEZ,
AT TIMES ACTING TOWN MANAGER AND CLERK SHARON FAIRCHILD,
FORMER TOWN MANAGER TODD WRIGHT,
FORMER MAYOR LARRY HEERSINK,
TOWN MANAGER BILL MATTHEWS,
TRUSTEE GROVER HAWETHORNE,
COLORADO STATE PATROL DISPATCH ALAMOSA, COLORADO, and
POLICE OFFICER PAM STEWART,

    Defendants.

**ORDER**

This matter is before the court on Defendant Bill Mathews' "Motion to Quash Service of Process" (Doc. No. 19, filed June 27, 2012 ["Mot."]). Pursuant to D.C.COLO.LCivR 7.1 C and Federal Rule of Civil Procedure 6(d), Plaintiff had until July 21, 2012 to respond. No response was filed before, or any time after, that date; accordingly, Defendant Mathews did not file a reply, and this matter is ripe for the court's review and ruling.

Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) covers service upon individuals located within a judicial district. An individual may be served in any judicial district in the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Colorado state law provides that personal service may be accomplished by, *inter alia*, leaving a copy of the summons and complaint "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent." Colo. R. Civ. P. 4(e)(1).

As the party challenging the service of process, Defendant Mathews has the burden to prove that service upon him was inadequate. *Costin Engineering Consultants, Inc. v. Latham*, 164 F.R.D. 521, 523 (D. Colo. 1996). "Objections to the sufficiency of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.'" *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993) (quoting *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986)). "A signed return of service constitutes *prima facie* evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *Id*. at 1398 (quoting *Hicklin v. Edwards,* 226 F.2d 410, 414

(8th Cir. 1955)). Any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

"When a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent in compliance with Rule [4(e)(2)].[1]" *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). *See also Grimaldo v. Reno*, 189 F.R.D. 617 (D. Colo. 1999) (recognizing Rule 4(e)(2)'s applicability to service of government officials in their individual capacities in light of *Despain* and amendments to Rule 4).

The return of service on Defendant Mathews (Doc. No. 49) indicates that on June 7, 2012, service was made by the United States Marshals Service on Tammy Gallegos, the legal assistant to Eugene Farish, the Town of South Fork attorney. Defendant Mathews maintains that service was insufficient as a matter of law because Eugene Farish did not have authority to accept service of process on his behalf, and thus could not act as his agent under Rule 4(e)(2)(C). (Mot., ¶¶ 2-3, 9-10.) Defendant Mathews alleges, and Mr. Farish echoes in an affidavit, that the United States Marshals Service initially contacted Mr. Farish about accepting service for this lawsuit on behalf of the Town of South Fork and the named defendants in their official

---

[1] The 1993 amendments to the Federal Rules of Civil Procedure moved the text of Rule 4(d)(1) to Rule 4(e)(2). *See* Advisory Committee Notes to 1993 Amendment to Rule 4.

capacities.[2]  (Mot., Ex. 1.)  Mr. Farish accepted service of the summons and complaint, but when he realized that Defendant Mathews was also being sued in an individual capacity, he contacted the Marshals Service to advise them that he had no authority to accept service of process on behalf of Mr. Mathews in his individual capacity.  (*Id*.)  He also wrote Plaintiff a letter to advise him of the same.  (*Id*.)

Although the signed return of service (Doc. No. 49) establishes a *prima facie* case of service, Defendant Mathews has submitted sufficient evidence to meet his burden of showing that such service was inadequate as to the individual-capacity claim against him.  There is no indication here that Defendant Mathews has been personally served in-hand or served at his dwelling or usual place of abode so as to satisfy Fed. R. Civ. P. 4(e)(2)(A) or (B).  Mr. Farish's affidavit shows that he lacks the authority to accept service of process on behalf of Defendant Mathews in his individual capacity in accordance with Fed. R. Civ. P. 4(e)(2)(C).

Additionally, although Fed. R. Civ. P. 4(e)(1) authorizes service by following state law for serving a summons in courts of general jurisdiction in the state where the district court is located or where service is made, service of process on Mr. Farish for the individual-capacity claim against Defendant Mathews would not be acceptable under Colorado law either.  *See* Colo. R. Civ. P. 4(e)(1). Defendant Mathews was *not* employed by the Town of South Fork at the time the Marshals Service delivered the summons and complaint to Mr. Farish. (*See* Mot., ¶ 1.) Therefore, the office of the attorney for the Town of South Fork as not Defendant Mathews'

---

[2]Official-capacity suits are generally treated as suits against the government entity of which the officer is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 167 (1995).

usual workplace.[3] Accordingly, this court finds that Plaintiff's attempt to serve Defendant Mathews in his individual capacity is defective and should be quashed.

On a final note, Fed. R. Civ. P. 4(m) requires service to be accomplished within 120 days after filing of the complaint. *See* Fed. R. Civ. P. 4(m). Courts in this district have held that the filing of a motion to quash service of process tolls this 120-day period. *See Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D. 452, 455 (D. Colo. 1991). As Plaintiff's Amended Title VII Complaint (Doc. No. 9) was filed on April 27, 2012, Plaintiff still had 59 days left to perfect service when Defendant Mathews filed his Motion to Quash on June 27, 2012. Therefore, Plaintiff will be allowed 59 days from the date of this order to perfect service on Defendant Mathews in his individual capacity. However, in order to for the Marshals Service to effect service on Defendant Mathews in his individual capacity, Plaintiff must provide the court with a valid address at which to effect service.

---

[3] Neither Mr. Farish, as the town attorney, nor his legal assistant Tammy Gallegos, fit any of the alternate roles entitling service to be made upon him for claims against Defendant Mathews individually.

Therefore, it is

**ORDERED** that Defendant Bill Mathews' "Motion to Quash Service of Process" (Doc. No. 19) is **GRANTED**. Service on Defendant Mathews is hereby QUASHED. It is further

**ORDERED** that Plaintiff shall have 59 days from the date of this Order, or until March 7, 2013, to perfect service of process on Defendant Mathews in his individual capacity pursuant to Fed. R. Civ. P. 4(e). Plaintiff is advised that, to the extent that he seeks to have the United States Marshal re-serve Defendant Mathews, he must provide a valid address at which to serve Defendant Mathews.

Dated this 7th day of January, 2013.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge