IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00336–CMA–KMT

DENNY BENTON,

    Plaintiff,

v.

TOWN OF SOUTH FORK AND POLICE DEPARTMENT,
FORMER POLICE CHIEF RANDY HERRERA,
CURRENT POLICE CHIEF JAMES CHAVEZ,
AT TIMES ACTING TOWN MANAGER AND CLERK SHARON FAIRCHILD,
FORMER TOWN MANAGER TODD WRIGHT,
FORMER MAYOR LARRY HEERSINK,
TOWN MANAGER BILL MATTHEWS,
TRUSTEE GROVER HAWETHORNE,
COLORADO STATE PATROL DISPATCH ALAMOSA, COLORADO, and
POLICE OFFICER PAM STEWART,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's

Response to Defendant's Joint Status Report and Motion for Both the Court and the Defendant's Legal Representation to Show Proof of Service of All Legal Documents that Have Been Sent to the Court and Were By Law Supposed to Have Been Sent to the Plaintiff.  Along with Stewart and Colorado State Patrol to Get Indepedent Legal Help Since the Colorado Attorney General has Stated They Have No Jurisdiction Over the 12th Judicial District and Refuse to Even Investigate the Criminal Allegations and Proof Sent to Them and this Court. Thus, This Brings Up the Standing Motion to Have a Grand Jury Investigation Ruled On.

(Doc. No. 94, filed Feb. 7, 2013 [Pltf.. Mot.].)

Plaintiff first maintains that he did not receive any of the Defendants' Motions to Dismiss.[1] (Doc. No. 16 [Town Defs. Mot.]; Doc No. 31 [State Defs. Mot.]; Doc. No. 72 [Hererra Mot. Dismiss].) However, the Town Defendants'[2] Motion to Dismiss and the State Defendants'[3] Motion to Dismiss both indicate that they were served on Plaintiff at the address featured in his Amended Title VII Complaint (Doc. No. 9). (Town Defs. Mot. at 16; State Defs. Mot. at 10.) The court also notes that Plaintiff did not contact any of the defendants' attorneys to notify them that he had not received their Motions to Dismiss, even after the Motions to Dismiss were referred to in a number of court-filings—including, but not limited to, this court's order on Defendants' motions to stay. (*See* Doc. No. 60).

Further, Plaintiff's position that he did not receive these Motions to Dismiss is belied by the fact that Plaintiff's "Motion for Admended [sic] Response to Oppose Defendants [sic] Motion to Vacate this Case" states that it is an "amended response to defendant's motions to stay, dismiss, vacate, or any other lame motions that the defendants have used." (Doc. No. 78 at 65 [hereinafter "Amended Response"]; *see also id.* at 50-51 (stating that Defendants have filed "every motion that they can think of to stop this case from proceeding with motions to stay, to

---

[1] It is unclear, however, what specific relief Plaintiff seeks in order to remedy this situation.

[2] The "Town Defendants" include the Town of South Fork, Town of South Fork Police Department, James Chavez, Sharon Fairchild, Todd Wright, Larry Heersink, and Grover Hawethorne.

[3] The "State Defendants" include Colorado State Patrol Dispatch and Pam Stewart.

dismiss and vacate."). Furthermore, Plaintiff's Amended Response specifically discusses at least one of the dismissal arguments raised by the Town Defendants in their Motion to Dismiss—to wit, that Plaintiff's Title VII and ADEA claims are time barred. (*Id.* at 9-11, 23.)

Nevertheless, it appears that Defendant Herrera's Motion to Dismiss may not have been properly served on Plaintiff. More specifically, Defendant Herrera's Motion to Dismiss indicates that it was served on Plaintiff at the address featured in his Amended Complaint (Herrera Mot. at 6), even though Plaintiff subsequently filed a Notice of Change of Address on July 25, 2012 (*See* Doc. No. 36)—three months before Defendant Herrera's Motion was filed. Nevertheless, the court finds that this shortcoming did not prejudice Plaintiff because Defendant Herrera's Motion to Dismiss relies entirely on the arguments asserted in the Town Defendants' Motion to Dismiss. (*See* Herrera Mot. at 5.) Any prejudice is further minimized by the fact that Plaintiff's present Motion indicates that he opposes Defendants' Motions to Dismiss for the reasons stated in his Amended Response. (Mot. at 4.) Lastly, the court finds that any further briefing filed by Plaintiff would and could not impact the court's Recommendation, filed contemporaneously with this Order, that Defendants' Motions to Dismiss be granted.

Plaintiff's Motion also appears to argue that the State Defendants' counsel has a conflict of interest in this case. Having reviewed his Motion, the court finds that Plaintiff has failed to established that the State Defendants' counsel has any actual conflict of interest. *See Johnson v. Bd. of Cnty. Comm'rs,* 85 F.3d 489, 494 (10th Cir. 1996).

Finally, Plaintiff appears to seek a grand jury investigate Defendants' alleged conduct.

3

This court cannot, as part of a civil case, initiate a grand jury complaint.  *See, e.g., Maus v. Greening,* No. 09-cv-0042, 2010 WL 4103003, at *2 (E.D. Wisc. Oct. 18, 2010).

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's Motion (Doc. No. 94) is DENIED.

Dated this 12th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge