**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-00336-CMA-KMT

DENNY BENTON,

      Plaintiff,

v.

TOWN OF SOUTH FORK AND POLICE DEPARTMENT, Individually,
RANDY HERRERA, Former Police Chief, and
JAMES CHAVEZ, Current Police Chief,

      Defendants.

---

**ORDER ADOPTING AND AFFIRMING FEBRUARY 12, 2013
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

      This case was referred to United States Magistrate Judge Kathleen M. Tafoya

pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  (Doc. # 14.)  On February 12, 2013,

the Magistrate Judge issued a Recommendation (Doc. # 97), advising that the following

three motions be granted: (1) Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) & (6), filed

by Defendants Town of South Fork, Town of South Fork Police Department, James

Chavez, Sharon Fairchild, Todd Wright, Larry Heersink, and Grover Hawethorne (who,

collectively with Defendant Herrera, the Court refers to as the "Town Defendants") (Doc.

# 16); (2) Motion to Dismiss of Defendants Colorado State Patrol and Pam Stewart

(collectively, the "State Defendants") (Doc. # 31)[1]; and (3) Defendant Randy Herrera's

Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) & (6) (Doc. 72).  Plaintiff and

---

[1] On March 20, 2013, Plaintiff voluntarily dismissed the State Defendants (*see* Doc. # 108); as
such, their motion is now moot.

Defendants have each filed Objections.  (Docs. ## 100; 107.)  However, as discussed

below, the Court overrules both sets of Objections and adopts and affirms the

Magistrate Judge's Recommendation.

## I.  <u>BACKGROUND</u>[2]

Plaintiff, proceeding *pro se*, initiated this action on February 8, 2012, by filing a

Complaint (Doc. # 1), which he amended on April 27, 2012 (Doc. # 9).  On June 27,

2012, the Town Defendants, with the exception of Defendant Herrera, filed a motion to

dismiss,[3] asserting that: (1) Plaintiff's discrimination and retaliation claims were not

timely filed; (2) Plaintiff failed to exhaust administrative remedies and did not obtain a

right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC");

(3) Title VII and the ADEA bar Plaintiff's claims of discrimination and retaliation against

the individual Defendants; (4) Plaintiff's Complaint fails to meet minimum pleading

requirements and fails to identify any specific acts of discrimination based upon age,

race, hostile work environment, or retaliation; (5) Plaintiff's Fourteenth Amendment claim

is barred by the applicable statute of limitations; (6) even if not barred, the Fourteenth

Amendment claim is devoid of factual support indicating procedural or substantive due

process violations; and (7) Plaintiff's state-law tort claims are time-barred, subject to

---

[2] The Magistrate Judge's Recommendation sets forth the relevant facts of this case, which the Court incorporates by reference herein.  As such, the Court will provide only a brief overview of the pertinent facts and procedural history and will expand on them, as necessary, when addressing the parties' Objections.

[3] On December 26, 2012, Defendant Bill Mathews – the only Defendant not subject to the Magistrate Judge's Recommendation – filed a motion to dismiss (Doc. # 84), which was subsequently denied without prejudice (Doc. # 90).  However, after filing his Objections, Plaintiff voluntarily dismissed Mathews from this case.  (*See* Doc. # 108.)

Defendants' claims of immunity, and otherwise devoid of sufficient factual support. (Doc. # 16.)  On October 23, 2012, Defendant Herrera filed a motion to dismiss, effectively adopting and incorporating by reference the legal analysis employed in the other Town Defendants' motion.  (Doc. # 72.)

The Magistrate Judge interpreted Plaintiff's Amended Complaint as asserting: "(1) claims under Title VII of the Civil Rights Act of 1964 for race discrimination, retaliation, and hostile work environment; (2) claims under the Age Discrimination in Employment Act of 1967 (ADEA) for age discrimination, retaliation, and hostile work environment; (3) a claim under 42 U.S.C § 1983 for violations of his Fourteenth Amendment rights; and (4) state law claims for defamation and breach of contract." (Doc. 97 at 7 (internal citations omitted).)

On February 12, 2013, the Magistrate Judge issued her Recommendation on the outstanding motions, concluding that Plaintiff's federal claims should be dismissed, but recommending that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims.  (Doc. # 97 at 27.)  Defendants collectively filed timely Objections to the Recommendation regarding the state-law claims.  (Doc. # 100.) Plaintiff, after retaining counsel, and subject to the Court's extension of time (Doc. # 105), filed Objections on March 19, 2013.  (Doc. # 107.)  On March 20, 2013, Plaintiff voluntarily dismissed from this case Defendants Fairchild, Wright, Heersink, Hawethorne, Mathews, and the State Defendants.[4]  (Doc. # 108.)

---

[4] Accordingly, the only Defendants left are the Town of South Fork, its Police Department, James Chavez, and Randy Herrera.

## II. <u>STANDARDS OF REVIEW</u>

### A.    MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter,

a district court is required to "determine *de novo* any part of the magistrate judge's

[recommended] disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

An objection is properly made if it is both timely and specific.  *United States v. One*

*Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir.

1996).  An objection is timely if made within 14 days after the magistrate judge issues

her recommendation.  *Id.*  An objection is sufficiently specific if it "enables the district

judge to focus attention on those issues – factual and legal – that are at the heart of the

parties' dispute."  *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In conducting

its review, "[t]he district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with

instructions."  Fed. R. Civ. P. 72(b)(3).

### B.    RULE 12(b)(1) MOTION

As set forth by the Tenth Circuit in *Holt v. United States*, 46 F.3d 1000, 1002–03

(10th Cir. 1995), the standard of review for a Rule 12(b)(1) motion is as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms.  First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.  *Id.*

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.

> *Id.* When reviewing a factual attack on subject matter jurisdiction, a
> district court may not presume the truthfulness of the complaint's factual
> allegations. *Id.* A court has wide discretion to allow affidavits, other
> documents, and a limited evidentiary hearing to resolve disputed
> jurisdictional facts under Rule 12(b)(1). *Id.*; *Wheeler v. Hurdman*, 825 F.2d
> 257, 259 n. 5 (10th Cir. 1987), *cert. denied,* 484 U.S. 986 (1987). In such
> instances, a court's reference to evidence outside the pleadings does not
> convert the motion to a Rule 56 motion. *Wheeler,* 825 F.2d at 259 n. 5.

Moreover, "[t]he burden of establishing subject-matter jurisdiction is on the party

asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

## C.    RULE 12(b)(6) MOTION

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests

the formal sufficiency of a complaint. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201

(10th Cir. 2003). A complaint will survive such a motion only if it contains "enough facts

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). For a motion to dismiss, "[t]he question is whether, if the

allegations are true, it is plausible and not merely possible that the plaintiff is entitled to

relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d

1188, 1192 (10th Cir. 2009). "The plausibility standard is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation

omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded

allegations of the complaint as true and must construe them in the light most favorable

to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless,

a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

**D.**   ***PRO SE* PLAINTIFF**

Finally, because Plaintiff was initially proceeding *pro se,* the Court has construed more liberally the pleadings he filed prior to retaining an attorney and has held them to a less stringent standard than formal pleadings drafted by lawyers.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In any event, the Court cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based").

### III. <u>ANALYSIS</u>

The Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Plaintiff's and Defendants' Objections thereto.  The Court is not persuaded by either party's Objections and determines that the findings and conclusions proposed by the Magistrate Judge are correct.

## A.     PLAINTIFF'S OBJECTIONS

In his Objections, Plaintiff argues that the Court should reject the Recommendation because it failed to address three of his claims and because principles of equitable tolling and equitable estoppel apply in this case.  (Doc. # 107 at 2.)  The Court disagrees.

### 1.     Consideration of Claims

As a threshold matter, the Court notes that even Plaintiff admits his Amended Complaint is "difficult to read."  (Doc. # 107 at 2.)  While the Court holds Plaintiff's *pro se* pleadings to a less stringent standard than those drafted by an attorney, the Court may not read into the pleadings claims that Plaintiff has not alleged.  *See Associated Gen. Contractors of Cal.*, *Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged."); *accord Anderson v. Adam's Mark Hotels & Resorts*, No. 99-1100, 2000 WL 390107, at *2 (10th Cir. April 18, 2000) (unpublished).  The confusing and haphazard presentation of the allegations in the Amended Complaint presented the Magistrate Judge with the unenviable task of detangling and attempting to identify the claims Plaintiff was trying to assert.  Nonetheless, Plaintiff first argues that the Court should reject the Recommendation and deny the motions to dismiss because, in addition to two of the claims that the Magistrate Judge identified, the Amended Complaint contains

three additional claims that the Magistrate Judge did not discuss – retaliation, constructive discharge, and supervisory harassment.  (Doc. # 107 at 2.)

To begin with, Plaintiff cites no case, nor is the Court aware of any, indicating that a magistrate judge's recommendation should be rejected because, in recommending dismissal of the case, the judge construed the plaintiff's complaint too liberally by addressing claims that were allegedly not pled.  Lack of authority on this point makes sense because such action inures to the plaintiff's benefit.

Further, one of the three claims Plaintiff asserts the Magistrate Judge "did not consider" is retaliation.  Yet, Plaintiff concedes that the Magistrate Judge "identified five causes of actions [*sic*] in [his] complaint[,] . . . [including] retaliation in violation of the Fourteenth Amendment."  (*Id.* at 7.)  As to the remaining two claims of constructive discharge and supervisory harassment, Plaintiff simply asserts that he "filed" such claims, but he fails to set forth the corresponding legal framework or to advance any argument as to how the facts of his Amended Complaint could plausibly entitle him to relief under these claims.  *Cf. Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (citing *Iqbal*, 556 U.S. at 677 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).  Plaintiff's eleventh-hour insistence that his Amended Complaint should be interpreted as raising additional claims fails to indicate the basis for such claims which, ultimately, are unsupported by the Amended Complaint itself.

On *de novo* review, the Court concludes that the Magistrate Judge's interpretation and identification of Plaintiff's claims was well-thought-out and complied fully with the admonition that a *pro se* plaintiff's complaint is to be construed liberally. The Court agrees with the identification of the claims as proposed by the Magistrate Judge.  Accordingly, the Court rejects Plaintiff's argument that some of his claims were overlooked.

      2.   <u>Equitable Tolling and Estoppel</u>

Plaintiff next argues that the principles of equitable tolling and equitable estoppel apply to this case and, thus, prevent Defendants from asserting untimeliness as a bar to filing suit.  (Doc. # 107 at 9-10.)

The doctrine of equitable tolling "permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity."  *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012).  Similarly, "[t]he doctrine of equitable estoppel allows the plaintiff to extend the statute of limitations if the defendant has done something that made the plaintiff reasonably believe that he had more time to sue."  *Teamsters & Emp'rs Welfare Trust v. Gorman Bros. Ready Mix*, 283 F.3d 877, 881 (7th Cir. 2002).

Equitable tolling is sparingly granted and is recognized in discrimination cases only when circumstances "rise to the level of active deception."  *See Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838-39 (10th Cir. 1979); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  "Equitable tolling might be appropriate, for

9

example, where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Chao*, 296 F.3d at 957-58 (quoting *Carlile v. S. Routt Sch. Dist.*, 652 F.2d 981, 986 (10th Cir. 1981)).  Ultimately, "the decision to invoke equitable tolling in a particular case lies exclusively within the sound discretion of the trial court." *Stransky*, 868 F. Supp. 2d at 1181.  Also, the burden of establishing equitable tolling is on the party asserting it.  *See Dumas v. Proctor & Gamble Mfg. Co.*, 453 Fed. Appx. 819, 821 (10th Cir. 2011) (unpublished) (citing with approval *Jenkins v. Mabus*, 646 F.3d 1023, 1027-28 (8th Cir. 2011)).

In the instant case, the Magistrate Judge determined that Plaintiff's Title VII and ADEA claims for discrimination, retaliation, and hostile work environment were time-barred.  (Doc. # 97.)  The Magistrate Judge further noted that "equitable tolling or estoppel" could apply but that "Plaintiff has not presented any reason, let alone a cogent one, as to why he waited over 650 days from the date of his resignation before filing his charge with the EEOC."  (*Id.*)

In his Objections, Plaintiff argues that equitable tolling is appropriate because Defendants withheld his personnel file and released only "scattered versions" of it, thereby making it difficult for him to "find the documents necessary to bring suit."  (Doc. # 107 at 2.)  According to Plaintiff, "[i]ncluded in [his] personnel files were documents like spurious write-ups, documents showing that Defendants had changed traffic citations handed out by [Plaintiff] in an attempt to show [Plaintiff] in a bad light; and documents showing that [Plaintiff] was being harassed and discriminated against

because he complained about Defendant Herrera." (*Id.* at 9.)  Plaintiff asserts, without explanation, that his claims "were affected by Defendant's [*sic*] failure to turnover [*sic*] [his] personnel file." (*Id.*)  However, even assuming Plaintiff's personnel file contained the documents he attributes to it, those documents could not have impacted his knowledge of the existence of the claims he asserted in his Amended Complaint. Nor do such documents give rise to or create the basis for his claims of discrimination – at best they merely provide additional evidence to support his allegations of being discriminated against after his employment was terminated.  Accordingly, the Court determines that application of equitable tolling would be inappropriate in this case.

Further, the Court rejects Plaintiff's assertion that equitable estoppel applies to this case "because Defendant[s] misled Plaintiff into thinking that his personnel file would not be tarnished." (*Id.* at 2.)  Plaintiff states that Defendants gave him an ultimatum to resign, and that Defendants would purge Plaintiff's personnel file once he did so.  (*Id.* at 9.)  According to Plaintiff, Defendants allegedly breached this agreement with him, but Plaintiff did not find out about the breach until February 2011 – *i.e.*, about four months before filing his charge of discrimination.   While these assertions may support his state-law breach-of-contract claim, they fail to indicate that Defendants somehow convinced Plaintiff that he had more time to sue than he actually had.  Nor do they, in any other way, support extending the time within which Plaintiff was required to file his charge of discrimination.

Finally, the Court is unpersuaded by Plaintiff's assertion that the Court "must conduct a hearing on equitable tolling and equitable estoppel before dismissing [his] case." (*Id.* at 9 (citing *Beaird v. Seagate Tech, Inc.*, 145 F.3d 1159, 1174-75 (10th Cir. 1998)).) In *Beaird*, the Tenth Circuit remanded the case for consideration of "waiver, estoppel and equitable tolling[,]" because "[t]he trial court made no discernible ruling on these equitable issues." 145 F.3d at 1175. In the instant case, both the Magistrate Judge and this Court have addressed equitable tolling and estoppel. Further, Plaintiff's assertion of these equitable doctrines arises not from a four-corners reading of his Amended Complaint but, rather, through a last-ditch effort to essentially amend that document. *Cf. Mack v. WP Co., LLC*, --- F. Supp. 2d ----, 2013 WL 563527, at *4 (D.D.C. 2013) (noting that plaintiffs "must plead and prove" equitable tolling (quotation marks and citation omitted)). Moreover, and contrary to Plaintiff's assertion, the *Beaird* court left the issue of whether to hold an evidentiary hearing up to the trial court's determination "in the exercise of its equitable discretion." 145 F.3d at 1175. For the reasons given, the Court declines to exercise its discretion to hold a hearing on these issues.

## B.    DEFENDANTS' OBJECTIONS

In their Objections, Defendants take issue only with the Magistrate Judge's recommendation that the Court not exercise supplemental jurisdiction over Plaintiff's residual state-law claims. (Doc. # 100.) Defendants argue that the decision to exercise supplemental jurisdiction is within the Court's sound discretion and that all of Plaintiff's

claims are "predicated upon the same issues." (*Id.* at 2.)  Defendants additionally argue that "judicial economy, convenience and fairness to the Defendants" should persuade the Court to issue a substantive ruling on all claims.  (*Id.*)

Although the Court could exercise supplemental jurisdiction, "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995).  In fact, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).  Further, Colorado law recognizes that "if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction [over the state claims], the plaintiff may refile those claims in state court."  *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834 (Colo. App. 1996) (citing 28 U.S.C. § 1367(d) for the proposition that the "period of limitations for [a] supplemental claim is tolled while [the] claim is pending in federal court and for 30 days after it is dismissed unless state law provides for a longer tolling period").  Accordingly, having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state tort and breach-of-contract claims.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED that the February 12, 2013

Recommendation of United States Magistrate Judge Kathleen M. Tafoya (Doc. # 97)

is AFFIRMED and ADOPTED as an Order of this Court.  It is

FURTHER ORDERED that the Objections filed by Defendants and Plaintiff (Doc.

## 100 and 107, respectively) are OVERRULED.  Pursuant to the Recommendation,

it is

FURTHER ORDERED that the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)

& (6), filed by Defendants Town of South Fork, Town of South Fork Police Department,

and James Chavez (Doc. # 16), as well as Defendant Randy Herrera's Motion to

Dismiss Pursuant to F.R.C.P. 12(b)(1) & (6) (Doc. 72), are GRANTED such that all

of Plaintiff's federal-law claims against these Defendants are DISMISSED WITH

PREJUDICE, and the Court declines to exercise supplemental jurisdiction over

Plaintiff's state-law claims, which are DISMISSED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that the Motion to Dismiss of Defendants Colorado State

Patrol and Pam Stewart (Doc. # 31) is DENIED AS MOOT.  As such, it is

ORDERED that this case is DISMISSED in its entirety.

DATED:  March   29   , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

14